IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:21-CV-21-BO

| | |
|---|---|
| ROBESON COUNTY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NORTH CAROLINA INDIAN ) | |
| CULTURAL CENTER, INC. ) | |

This cause comes before the Court on plaintiff's motion to remand[1] and cross-motions to strike. The appropriate responses and replied have been filed, or the time for doing so has expired, and the matters are ripe for ruling.

BACKGROUND

Plaintiff commenced this action on April 15, 2020, by filing a complaint in condemnation in Robeson County Superior Court seeking to acquire 8.1 acres of real property owned by defendant North Carolina Indian Cultural Center (NCICC). [DE 1-4]. Plaintiff alleges that the State of North Carolina presently owns 91.52 acres surrounding NCICC's property and that it has set aside funds for the creation of a park, conditioned on plaintiff's acquisition of the 8.1 acres at issue. NCICC answered plaintiff's complaint on September 8, 2020. [DE 1-6]. Plaintiff seeks a determination that it has the statutory right to condemn NCICC's 8.1 acre tract for public use pr public benefit pursuant to N.C. Gen. Stat. § 40A-3(b)(3), a determination of just compensation for the property interest taken, and a determination of the appropriate representatives who are entitled to receive the compensation. *Id.* While the case was pending in

---

[1] Plaintiff has filed two motions to remand, the memoranda in support of which appear to be identical. [DE 13 & 17]. The Court will thus consider one request to remand.

Superior Court, plaintiff filed motion for judgment on the pleadings on October 21, 2020 [DE 1-8], defendant filed a motion for joinder of necessary and/or permissive parties on November 16, 2020[DE 1-12], and the Superior Court appointed a Guardian Ad Litem for defendant on December 2, 2020. [DE 1-13].

Defendant NCICC removed the action to this Court on February 8, 2021. NCICC's notice of removal states that NCICC received a copy of the summons and complaint on May 11, 2020, but it contests that service on NCICC was properly effected. [DE 1]. NCICC further asserts that this Court has federal question jurisdiction over the action because "[t]he right to assert tribal immunity is clearly a matter that arises under federal law, and creates a federal question for purposes of removal." *Id.* at 3.

DISCUSSION

Removal of a civil action from state court is only proper where the federal district courts would have original jurisdiction, 28 U.S.C. § 1441, and it is the burden of the removing party to show that jurisdiction lies in the federal court. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). Removal jurisdiction must be construed strictly in light of federalism concerns, and if jurisdiction in the federal district court is determined to be doubtful, remand is required. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, whether the district courts have federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392

2

(1987). A defendant may not remove a case on the basis of a counterclaim or defense. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . .." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

The parties dispute whether NCICC has ever been properly served in this action, and thus whether the notice of removal was timely filed.[2] However, because there is plainly no federal question jurisdiction, the Court need not resolve whether or when defendant was properly served to decide the instant motion to remand.

As discussed above, NCICC contends that this Court has federal question jurisdiction over this action because the right to assert tribal immunity is a question of federal law. NCICC's argument fails to account, however, for the longstanding rule that defenses and counterclaims may not form the basis of federal question jurisdiction for purposes of removal. Indeed, the "jurisdictional question in this case is not affected by the fact that tribal immunity is governed by federal law." *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989). Plaintiff's well-pleaded complaint offers no grounds for finding that a federal question is present. Only NCICC's

---

[2] Plaintiff has moved to strike NCICC's response to the motion to remand, arguing that it was filed beyond the time provided by the Local Rules. Although NCICC's response to the motion to remand was filed one day beyond the time provided in this Court's Local Civil Rules, the Court in its discretion declines to strike the response and will consider its contents. Nor will the Court strike plaintiff's filings as defendant has requested. First, plaintiff's motion to remand was timely filed. Second, the Court in its discretion will not strike plaintiff's other filings due to its failure to file certain case initiating documents, such as a financial disclosure statement, within the time provided by the Local Civil Rule 5.3.

3

anticipated defense and counterclaim are grounded in federal law. This is insufficient to confer federal question jurisdiction over this action. *See also Maryland Com'r of Fin. Regul. v. W. Sky Fin., LLC*, No. CIV. WDQ-11-0735, 2011 WL 4894075, at *5 (D. Md. Oct. 12, 2011).

Accordingly, even assuming, without deciding, that NCICC's removal of this action was timely under § 1446(b), the Court lacks subject matter jurisdiction and the case is properly remanded to Robeson County Superior Court.

In addition to remand, plaintiff seeks an award of its costs and expenses incurred as a result of the removal. Under 28 U.S.C. § 1447(c), an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court has broad discretion to determine whether an award of fees shall be ordered on remand. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The Court, exercising its discretion, declines to award fees and costs in this case.

## CONCLUSION

For the foregoing reasons, the motions to strike [DE 26 & 31] are DENIED and plaintiff's motion to remand [DE 13 & 17] is GRANTED. This action is REMANDED in its entirety to the Superior Court for Robeson County, North Carolina.

SO ORDERED, this 28 day of June, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4